# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PIERRE PINSON, ) | |
| ) | Civil Action No. 14 - 416 |
| Petitioner, ) | |
| ) | |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| BRIAN COLEMAN and THE ) | |
| ATTORNEY GENERAL OF THE ) | ECF No. 9 |
| STATE OF PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the reasons stated herein, the motion to dismiss (ECF No. 9) should be granted, the petition for writ of habeas corpus (ECF No. 1) should be dismissed as untimely, and a certificate of appealability should be denied.

**II.  REPORT**

Pierre Pinson ("Petitioner") has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his judgments of sentence at CC Nos. 199913750 and 199914157 in the Court of Common Pleas of Allegheny County.  The relevant factual and procedural history for these two cases is set forth below.

**A.  Relevant Factual and Procedural History: CC No. 199913750**

1. **Pre-Trial/Trial**

Petitioner was charged on October 21, 1999, with four counts each of Criminal Attempt (homicide) and Aggravated Assault, and with one count each of Criminal Conspiracy and Violation of the Uniform Firearms Act (VUFA): Firearms not to be Carried Without a License. (Resp.'s Exh. 1, Court of Common Pleas of Allegheny County Docket Sheet for CC No. 199913750).[1] The charges stemmed from an incident in which shots were fired into a police station on August 27, 1999. Co-defendant Ricky Deon Boyer was also charged with all of these crimes.

On June 19 and 20, 2000, a suppression hearing was held whereby Jack Conflenti, Esquire, appeared for Petitioner, and Deputy District Attorneys Edward Borbowski and Daniel Fitzsimmons appeared for the Commonwealth. (PT1, 1-161; PT2, 1-45).[2]

On July 19, 2000, a jury trial commenced before the Honorable Gerard M. Bigley. (JT1, JT2, JT3).[3] Petitioner was represented by Jack Conflenti, Esquire, and the Commonwealth was represented by Deputy District Attorney Daniel Fitzsimmons. At the close of the trial, the jury found Petitioner guilty of all counts except for the four attempted homicide charges.[4] (JT3 at 493-94). Sentencing was postponed pending the preparation of a presentence report. (JT3 at 499-500).

---

[1] Respondents' exhibits are docketed at ECF No. 9-2 through 9-35. They will be referred to herein by their exhibit number.

[2] The abbreviation "PT1" represents the Suppression Hearing Transcript dated June 19-20, 2000. The abbreviation "PT2" represents the Suppression Hearing (Excerpts) Transcript dated June 19-20, 2000. The suppression hearing excerpts includes testimony of Petitioner, and co-defendant Boyer.

[3] The abbreviations "JT1," "JT2," and "JT3" refer to Volumes I through III of the Jury Trial transcript, dated July 19-24, 2000.

[4] Co-defendant Boyer was also found guilty of all charges except the attempted homicide counts.

On September 12, 2000, the court imposed consecutive terms of 7½ to 20 years' imprisonment at each aggravated assault count, as well as a consecutive term of 5 to 10 years for the conspiracy conviction. (ST at 1-10).[5] No further penalty was imposed at the VUFA count. (ST at 10). Thus, Petitioner received an aggregate term of imprisonment of 35 to 90 years.[6] (ST at 9-10).

On September 22, 2000, Petitioner, through Tomas N. Farrell, Esquire, filed a motion for reconsideration of sentence. (Resp.'s Exh. 1). The court denied the motion on September 26, 2000. (Resp.'s Exh. 1).

**2. Direct Appeal**

On October 5, 2000, Petitioner, through Attorney Farrell, timely filed a Notice of Appeal to the Pennsylvania Superior Court, which is docketed at No. 1642 WDA 2000. (Resp.'s Exh. 4).

On November 27, 2000, Petitioner, through Attorney Farrell, filed a concise statement of matters complained of on appeal. (Resp.'s Exhs. 1 and 3).

On May 1, 2001, Judge Bigley issued an opinion addressing the merits of the claim raised in Petitioner's concise statement. (Resp.'s Exhs. 1 and 5).

On October 2, 2001, Petitioner, through Attorney Farrell, filed a Brief on behalf of Appellant, Petitioner. (Resp.'s Exhs. 3 and 6).

On October 25, 2001, the Commonwealth, through Assistant District Attorney Sandra Preuhs, filed a Brief on behalf of the Appellee. (Resp.'s Exhs. 3 and 7).

---

[5] The abbreviation "ST" represents the Sentencing Transcript dated September 12, 2000.

[6] Co-defendant Boyer was sentenced to the same terms of imprisonment as Petitioner.

In a memorandum opinion dated March 27, 2002, the Pennsylvania Superior Court affirmed the judgment of sentence on the basis of harmless error. (Resp.'s Exhs. 3 and 8).

On April 23, 2002, Petitioner, through Attorney Farrell, filed a Petition for Allowance of Appeal (PAA) to the Pennsylvania Supreme Court, docketed at 218 WAL 2002. (Resp.'s Exh. 10). The Pennsylvania Supreme Court denied the PAA on August 28, 2002. (Resp.'s Exh. 9 and 11).

### 3. First PCRA Proceeding/Appeal

On September 3, 2003, Petitioner, acting *pro se*, filed a petition pursuant to 42 Pa.C.S.A. § 9541, the Post-Conviction Relief Act (PCRA). (Resp.'s Exh. 12).

On December 31, 2003, the PCRA court appointed Diana Stavroulakis, Esquire, to represent Petitioner.

On July 25, 2006, Petitioner, through Attorney Stavrouslakis, filed an amended PCRA petition. (Resp.'s Exh. 13).

On August 17, 2006, the Commonwealth, through Assistant District Attorney Sandra Preuhs, filed an Answer to Petitioner's PCRA petition. (Resp.'s Exh. 14).

On April 4, 2007, the court issued a Notice of Intent to Dismiss the PCRA petition.

By order dated November 8, 2007, the PCRA court denied the PCRA petition without a hearing. (Resp.'s Exh. 15).

On November 19, 2007, Petitioner, through Steven Valsamidis, Esquire, filed a notice of appeal, docketed at 2053 WDA 2007. (Resp. Exhs. 16 and 17).

On December 13, 2007, Petitioner filed concise statements of issued complained of on appeal. The PCRA court did not file a subsequent opinion addressing Petitioner's statement, but

4

rather, the case was transmitted to the appellate court based upon the Opinion and Order of November 8, 2007.

On May 1, 2008, Petitioner, through Attorney Valsamidis, filed a Brief on behalf of Appellant, Petitioner. (Resp.'s Exh. 18).

On May 14, 2008, the Commonwealth, through Assistant District Attorney Karen Edwards, filed a Brief on behalf of Appellee. (Resp.'s Exh. 19).

In an Opinion dated January 6, 2009, the Pennsylvania Superior Court affirmed the denial of the PCRA petition. (Resp. Exh. 20). The court concluded that the PCRA court did not err in dismissing Petitioner's PCRA petition as Petitioner failed to establish that counsel rendered ineffective assistance at Claims 1 through 3. (Resp.'s Exh. 20 at 4-10).

On February 4, 2009, Petitioner, through Attorney Valsamidis, filed a PAA with the Pennsylvania Supreme Court, which is docketed at 65 WAL 2009. (Resp.'s Exhs. 21 and 22).

On August 20, 2009, Petitioner's PAA was denied. (Resp.'s Exh. 23).

**4. Second PCRA Proceeding/Appeal**

On October 28, 2009, Petitioner filed a second *pro se* PCRA petition alleging various ineffectiveness claims. (Resp.'s Exh. 24).

On March 14, 2011, the PCRA court filed its notice of intent to dismiss the petition, giving Petitioner 20 days to respond in accordance with Pa.R.Crim.P. 907. By Order dated July 20, 2011, the court denied the petition on the basis of time bar. (Resp.'s Exh. 25).

On August 1, 2011, Petitioner, *pro se*, filed a Notice of Appeal, docketed at 1294 WDA 2011. (Resp. Exhs. 26 and 27).

On September 23, 2011, the PCRA court issued a Rule 1925(a) Statement, informing Petitioner, and the Superior Court, that the PCRA court previously authored an opinion regarding

the order dated July 20, 2011; therefore, the court would not be filing an additional or supplemental opinion. (Resp.'s Exh. 28).

On November 8, 2011, Petitioner *pro se*, filed a Brief on behalf of Appellant. (Resp. Exh. 29).

On November 30, 2011, the Commonwealth, through Assistant District Attorney Karen Edwards, filed a Brief on behalf of Appellee. (Resp. Exh. 30).

On December 13, 2011, in response to the Commonwealth's Brief, Petitioner filed a Reply Brief. (Resp.'s Exh. 31).

On March 28, 2012, the Pennsylvania Superior Court issued an Opinion affirming the PCRA court's dismissal of Petitioner's PCRA petition. (Resp. Exh. 32). The Court held that the PCRA court did not err when it concluded Petitioner's *pro se* second PCRA petition was untimely and failed to satisfy an exception to the PCRA's time-bar. (Resp. Exh. 32 at 5-8).

Petitioner did not file a Petition for Allowance of Appeal.

### 5. Third PCRA Proceeding/Appeal

On May 10, 2012, Petitioner filed his third petition pursuant to the PCRA.[7] (Resp. Exh. 33).

On August 31, 2012, court appointed counsel, Christopher Urbano, Esquire, filed a *Turner/Finley* no merit letter concerning Petitioner's PCRA petition and a motion seeking to withdraw. (Resp. Exh. 34).

On September 18, 2012, Judge Bigley granted the motion to withdraw and issued a Notice of Intent to Dismiss Petitioner's PCRA petition. On November 15, 2012, Judge Bigley issued an Opinion and Order dismissing Petitioner's PCRA petition. (Resp. Exh. 35).

---

[7] Petitioner also included CC No. 199914157 in his third PCRA petition.

On November 28, 2012, Petitioner filed a notice of appeal with the Pennsylvania Superior Court, which is docketed at 1869 WDA 2012. (Resp. Exhs. 36 and 37).

On December 13, 2012, the PCRA court issued a Rule 1925(a) Statement. (Resp.'s Exh. 38).

On January 29, 2013, Petitioner, *pro se*, filed a Brief for Appellant. (Resp.'s Exh. 39).

On February 21, 2013, the Commonwealth, represented by Assistant District Attorney Amy E. Constantine, filed a Brief on behalf of Appellee arguing that the PCRA court properly dismissed Petitioner's time-barred PCRA petition. (Resp.'s Exh. 40).

On July 16, 2013, the Pennsylvania Superior Court issued an Opinion affirming the PCRA court's denial of Petitioner's third PCRA petition. The court held Petitioner had failed to establish that, with the exercise of due diligent, he could not have filed the claim earlier. The court also found that Petitioner failed to plead or prove any of the three exceptions to the PCRA's timeliness requirement. Therefore, the court affirmed the PCRA court's order dismissing Petitioner's PCRA petition. (Resp.'s Exh. 41).

On August 20, 2013, Petitioner filed a PAA with the Pennsylvania Supreme Court, which is docketed at 480 WAL 2013. (Resp.'s Exhs. 42 and 43). The Commonwealth did not submit a response to Petitioner's PAA. (Resp.'s Exh. 42). On February 26, 2014, the PAA was denied by the Pennsylvania Supreme Court. (Resp.'s Exh. 44).

B. **Relevant Factual and Procedural History: CC No. 199914157**

1. **Pre-Trial/Trial**

Petitioner was charged by Criminal Information filed on October 27, 1999, with having committed at Count One: Criminal Attempt (Robbery); Count Two: Criminal Conspiracy (with Boyer) (these two counts arising from August 30, 1999); Counts Three through Five: Robbery

(victims Ways, Jones, and Williams respectively); and Count Six: Criminal Conspiracy (with Boyer) (these four counts arising August 31, 1999). (Resp.'s Exh. 2).

On June 19 and 20, 2000, a suppression hearing was held dealing primarily with issues connected to cases at Nos. CC 199913750 (Petitioner) and CC 199913942 (co-defendant Boyer), but bearing on CC No. 19991415. Attorney Conflenti appeared for Petitioner. The Commonwealth was represented by Deputy District Attorneys Borkowski and Fitzsimmons. (PT1; PT2).

On July 26, 2000, Petitioner, represented by Michelle Collins, Esquire, of the Office of the Public Defender, proceeded to a joint jury trial with Boyer before Judge Bigley. DDA Fitzsimmons appeared for the Commonwealth. (NT1 at 1-258; NT2 at 1-99).[8]

At the conclusion of trial, the jury received the case, and, on July 28, 2000, found Petitioner guilty as charged. (NT2 at 94-98).

On September 12, 2000, Petitioner appeared for sentencing. He was sentenced at counts 3, 4, and 5 of the Information to three consecutive terms of imprisonment of five (5) to twenty (20) years, consecutive to the sentence imposed at count 9 of No. CC 199913750. At counts 1, 2, and 6, a finding of guilt with no further penalty was entered. (ST at 10).

On September 22, 2000, Attorney Collins filed a "Post Sentence Motion to Modify Sentence" on Petitioner's behalf, which was denied by Order of Court dated September 26, 2000, but filed on September 27, 2000. (Resp.'s Exh. 2).

2. **Direct Appeal**

---

[8] The abbreviation "NT1" represents the Notes of Testimony for Petitioner's Jury Trial at CC No. 199914157 dated July 26-27, 2000. The abbreviation "NT2" represents the second volume of the Notes of Testimony for Petitioner's Jury Trial at CC No. 199914157 dated July 28, 2000.

On September 29, 2000, Stephen C. McClintock, Esquire, of the Office of the Public Defender, timely filed a Notice of Appeal, docketed at 1645 WDA 2000, which initiated a direct appeal on Petitioner's behalf from the September 12, 2000, judgment of sentence. On October 5, 2000, Petitioner, through Attorney McClintock, filed an Amended Notice of Appeal. (Resp.'s Exhs. 45 and 46).

On January 16, 2001, Attorney McClintock filed a Concise Statement of Matters Complained of on Appeal. On March 7, 2001, Judge Bigley filed an Opinion addressing Petitioner's concise statements. (Resp.'s Exh. 47).

On July 31, 2001, Petitioner, through Victoria H. Vidt, Assistant Public Defender with the Office of the Allegheny County Public Defender, filed a Brief for Appellant, Petitioner. (Resp.'s Exh. 48).

On August 2, 2001, Petitioner, through Victoria Vidt, filed an Amended Brief for Appellant. (Resp.'s Exh. 49).

On August 20, 2001, the Commonwealth, through Assistant District Attorney Sandra Preuhs, filed a Brief for the Appellee. (Resp.'s Exh. 50).

On September 6, 2001, Petitioner, through Attorney Vidt, filed a Reply Brief for Appellant. (Resp.'s Exh. 51).

On March 27, 2002, the Pennsylvania Superior Court issued an Order affirming the judgment of sentence. (Resp.'s Exh. 52).

On April 24, 2002, Petitioner, through Attorney Vidt, filed a PAA with the Pennsylvania Supreme Court, docketed at 220 WAL 2002. (Resp.'s Exhs. 53 and 54).

3. **PCRA Proceeding/Appeal**

On May 10, 2012, Petitioner filed a third PCRA petition in the trial court.[9] (Resp.'s Exh. 34).

On August 31, 2012, Attorney Urbano filed a *Turner/Finley* no merit letter and a motion seeking to withdraw. (Resp.'s Exh. 34).

On September 18, 2012, Judge Bigley granted the motion to withdraw and issued a Notice of Intent to Dismiss Petitioner's petition. On November 15, 2012, Judge Bigley issued an Opinion and Order dismissing Petitioner's PCRA petition. (Resp.'s Exh. 35).

On November 28, 2012, Petitioner filed a notice of appeal with the Pennsylvania Superior Court, which is docketed at 1869 WDA 2012. On December 13, 2012, the PCRA court issued a Rule 1925(a) Statement. (Resp.'s Exhs. 36 and 38).

On January 29, 2013, Petitioner, *pro se*, filed a Brief for Appellee. (Resp.'s Exh. 39).

On February 21, 2013, the Commonwealth, represented by Assistant District Attorney Amy E. Constantine, filed a Brief for Appellant. (Resp.'s Exh. 40).

On July 16, 2013, the Pennsylvania Superior Court issued a Memorandum Opinion and Order affirming the PCRA court's denial of Petitioner's third PCRA petition. The court affirmed the PCRA court's order dismissing the PCRA petition as untimely. (Resp.'s Exh. 41).

On August 20, 2013, Petitioner filed a PAA with the Pennsylvania Supreme Court, which is docketed at 480 WAL 2013. (Resp.'s Exhs. 42 and 43).

The Commonwealth did not submit a response to the PAA. On February 26, 2014, the PAA was denied by the Pennsylvania Supreme Court. (Resp.'s Exh. 44).

---

[9] All prior PCRA petitions listed in the procedural history portion of this Report and Recommendation relate to CC No. 199913750. Petitioner's third PCRA petition is the first time it appears that Petitioner's PCRA petition was treated as having sought post-conviction relief for CC No. 19991415.

## C. Habeas Petitions

Petitioner filed two federal habeas petitions before filing the instant petition that is the subject of the Report. The first petition was filed on May 2, 2011 and challenged Petitioner's judgment of sentence at CC No. 199913750. *See* C.A. No. 11-572 (W.D. Pa.) The second petition was filed on May 12, 2011 and challenged Petitioner's judgment of sentence at CC No. 199914157. *See* C.A. No. 11-625 (W.D. Pa.) Although Petitioner moved for a stay and abeyance in each case, both petitions were ultimately dismissed without prejudice because Petitioner was still pursuing his remedies in state court and had not fully exhausted his claims.

The instant petition for writ of habeas corpus was filed by Petitioner in the above captioned matter on March 30, 2014.[10] (ECF No. 1). Respondents have moved to dismiss the petition as untimely. (ECF No. 9).

## D. Time Period for Filing Federal Habeas Corpus Petitions

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").[11] Pursuant to the AEDPA, Congress imposed a one-year limitations period applicable to state prisoners, which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[10] This is the filing date under the "mailbox rule." Pennsylvania and federal courts employ the prisoner mailbox rule. *See* Perry v. Diguglielmo, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (citing Commonwealth v. Little, 716 A.2d 1287 (Pa. Super. Ct. 1998)); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* pleading is deemed filed when delivered to prison officials for mailing. *See* Burns, 134 F.3d at 113; Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox).

[11] Because Petitioner filed his federal habeas petition after the effective date of the AEDPA, the Court must apply the standards set forth in the AEDPA to his claims for federal habeas relief. *See* Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997)).

| | | |
|---|---|---|
| | (A) | the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; |
| | (B) | the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; |
| | (C) | the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or |
| | (D) | the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. |
| (2) | | The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section. |

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

    **1. Timeliness: CC No. 199913750**

12

As to the first inquiry, the "trigger date" for AEDPA purposes in CC No. 199913750 is the date that Petitioner's judgment of sentence became final pursuant to section 2244(d)(1)(A).[12] Petitioner was sentenced on September 12, 2000. He timely appealed to the Pennsylvania Superior Court, and Petitioner's judgment of sentence was affirmed (1642 WDA 2000) on March 27, 2002. The Pennsylvania Supreme Court denied Petitioner's PAA (218 WAL 2002) on August 28, 2002. Pursuant to Rule 13 of the Supreme Court of the United States, Petitioner then had 90 days to file a petition for a writ of certiorari, which he did not do. Therefore, his sentence became final for AEDPA purposes on November 26, 2002, and his one-year limitations period for filing a federal habeas corpus petition started to run the next day.

As to the second inquiry, the one-year limitations period was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings pursuant to section 2244(d)(2). Two-hundred eighty (280) days of Petitioner's one-year AEDPA limitations period elapsed before Petitioner filed his first PCRA petition on September 3, 2003, which tolled the statute of limitations until the Pennsylvania Supreme Court denied Petitioner's PAA on August 20, 2009. *See* Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539 (3d Cir. 2001) (The statute of limitations is not tolled during the time period in which petitioner may file a petition for writ of certiorari following the appeal of a denial of a state post-conviction proceeding).

Following the conclusion of Petitioner's first PCRA proceedings, sixty-eight (68) days elapsed before he filed his second PCRA petition on October 28, 2009, which was ultimately dismissed as untimely by the PCRA court. On March 28, 2012, the Pennsylvania Superior Court affirmed, concluding that Petitioner's second PCRA petition was time-barred, and that the PCRA

---

[12] Petitioner does not assert that there was an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

13

court lacked jurisdiction to entertain the merits of Petitioner's claims. Petitioner did not pursue a PAA with the Pennsylvania Supreme Court, and his time for doing so expired on April 27, 2012.

Following the conclusion of Petitioner's second PCRA proceedings, twelve (12) days elapsed before he filed his third PCRA petition on May 10, 2012, which was also dismissed as untimely by the PCRA court on November 15, 2012. On July 16, 2013, the Pennsylvania Superior Court affirmed, concluding that Petitioner's third PCRA petition was time-barred, and that the PCRA court lacked jurisdiction to entertain the merits of Petitioner's claims. On February 26, 2014, the Pennsylvania Supreme Court denied Petitioner's PAA.

Because Petitioner's second and third PCRA petitions were deemed untimely by the PCRA and Pennsylvania Superior courts, they were not "properly filed" pursuant to section 2244(d)(2), and, therefore, the time they were pending (October 28, 2009 through April 27, 2012 and May 10, 2012 through February 26, 2014) did not toll any portion of Petitioner's one-year AEDPA limitations period. *See* Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation omitted). As such, the time for Petitioner to file his federal habeas petition expired on November 13, 2009.[13] Because he did not file it until March 30, 2014, over four years and four months later, the petition is untimely.

As to the third inquiry, Petitioner argues that he should be entitled to equitable tolling during the time his second and third PCRA petitions were pending in the state courts because the state courts were incorrect in finding that these petitions were time-barred. Specifically, he contends that he met a statutory exception to the one-year PCRA time limitation, 42 Pa.C.S.A. §

---

[13] At the conclusion of his first PCRA proceedings on August 20, 2009, Petitioner had eighty-five (85) days remaining to file his federal habeas petition, or until November 13, 2009.

9545(b)(1), and that he filed his petition within sixty (60) days of the date his claims could have been presented, 42 Pa.C.S.A. § 9545(b)(2).

Even assuming that Petitioner were given the benefit of tolling during the time his second and third PCRA proceedings were pending in the state courts, his federal habeas petition would still be untimely. Two-hundred eighty (280) days elapsed between the time Petitioner's judgment of sentence became final and the time he filed his first PCRA petition, sixty-eight (68) days elapsed between the time Petitioner's first PCRA proceedings concluded and the time he initiated his second PCRA proceedings, twelve (12) days elapsed between the time Petitioner's second PCRA proceedings concluded and the time he initiated his third PCRA proceedings, and thirty-one (31) days elapsed between the time his third PCRA proceedings concluded and the time he initiated these federal habeas proceedings. In total, three-hundred ninety-one (391) days elapsed between filings, so Petitioner's federal habeas petition would be untimely by twenty-six (26) days even if this Court were to grant Petitioner the equitable tolling he seeks. Accordingly, the petition should be dismissed as untimely as to CC No. 199913750.[14]

2.  **Timeliness: CC No. 199914157**

---

[14] The undersigned notes that Petitioner filed a federal habeas petition challenging this judgment of sentence on May 2, 2011, and that petition was ultimately dismissed without prejudice despite Petitioner's request for a stay and abeyance. *See* C.A. 11-572 (W.D. Pa.) Even if the Court were to toll the statute of limitations from the date this petition was filed, the instant petition would still be untimely as Petitioner's AEDPA one-year statute of limitations expired on November 13, 2009, before he filed that petition. This is assuming that Petitioner's second PCRA petition, which was pending in the state courts from October 28, 2009 through April 27, 2012, was not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2) because the state courts found it to be untimely. *See* Pace, *supra*, (For purposes of AEDPA, an untimely PCRA petition is not considered to have been "properly filed" and is not entitled to statutory tolling.)

As to the first inquiry, the "trigger date" for AEDPA purposes in CC No. 199914157 is the date that Petitioner's judgment of sentence became final pursuant to section 2244(d)(1)(A).[15] Petitioner was sentenced on September 12, 2000. He timely appealed to the Pennsylvania Superior Court, and Petitioner's judgment of sentence was affirmed (1645 WDA 2000) on March 27, 2002. The Pennsylvania Supreme Court denied Petitioner's PAA (220 WAL 2002) on March 30, 2004. Pursuant to Rule 13 of the Supreme Court of the United States, Petitioner then had 90 days to file a petition for a writ of certiorari, which he did not do. Therefore, his sentence became final for AEDPA purposes on June 28, 2004, and his one-year limitations period for filing a federal habeas corpus petition started to run the next day. Absent any tolling, Petitioner had until June 28, 2005 to file his federal habeas petition.

Petitioner did not file for PCRA relief concerning CC No. 199914157 until May 10, 2012.[16] Because his one-year AEDPA limitations period expired long before he sought PCRA relief, Petitioner's federal habeas petition is untimely as to this case as well.

### E. Actual Innocence

It appears that Petitioner attempts to invoke the "actual innocence" exception to the statute of limitations applicable to habeas claims. In McQuiggin v. Perkins, 133 S .Ct. 1924 (2013), the United States Supreme Court reaffirmed this "equitable exception" but only when the petitioner presents new evidence that "shows it is more likely than not that no reasonable juror would have convicted [him]." Id. at 1933. Thus, under McQuiggin, "actual innocence, if

---

[15] Petitioner does not assert that there was an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

[16] All prior PCRA petitions he filed related only to CC No. 199913750. Even though Petitioner also filed a federal habeas petition concerning this CC No. 199914157, it was not filed until May 12, 2011, after his AEDPA one-year statute of limitations expired. *See* C.A. No. 11-625 (W.D. Pa.)

proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." Id. at 1928. The Court's opinion in McQuggin makes clear the limitations on its holding: "tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

The Court stressed the "demanding" nature of the test for permitting the gateway to open: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (quoting Schlup, 513 U.S. at 316). The Court also noted that the degree of diligence displayed by the petitioner in pursuing and presenting new evidence "bears on the determination whether the petitioner has made the requisite showing [of actual innocence]." Id. at 1935.

Petitioner argues that in violation of Brady v. Maryland, 373 U.S. 83 (1963), the Commonwealth failed to disclose impeachment evidence in the form of an Office of Municipal Investigations (OMI) report detailing allegations of misconduct by the prosecution's star witness, Homicide Detective Dennis A. Logan. Petitioner states that he did not learn of the report until February 11, 2011, when another inmate, Charles Jones, gave him a copy of it.

The report, while not a part of the record, is purportedly the record of three complaints made to the Police Department over a ten year span against Detective Logan, the officer who elicited the disputed confession and who was the key prosecution witness in the trial. Of the three complaints, only two are relevant, but the report does not indicate whether or not the

complaints were found to be credible after an investigation. Petitioner, however, states that he could have impeached Detective Logan with this information when Logan testified that Petitioner had confessed to the crime.

In support of his allegation that Detective Logan used questionable tactics to obtain information and confessions from individuals charged with crimes in Allegheny County, Petitioner also relies on a newspaper article dated June 28 2002, which indicates that a federal jury had awarded compensatory and punitive damages to a man whom Detective Logan and his partner had improperly treated during a criminal investigation.

This evidence is neither new nor so strong that the Court cannot have confidence in Petitioner's conviction. The report is dated October 26, 2009. Therefore, it was seemingly available before Petitioner's trial. Nonetheless, it is likely that the report would not have affected the outcome of the trial. As noted by Petitioner's appointed counsel for his third PCRA proceedings, "[h]ad the jury learned that, in ten years, two criminal defendants had complained about improper interrogation techniques, without proof of fact, there does not exist a reasonable probability that the outcome of the entire case would have been different. If anything, the existence of such a small number of unverified complaints would likely bolster the officer's credibility."

Based on the record before the Court, this is not one of the "rare" cases meeting the "demanding" test for ignoring the one-year limitations period otherwise applicable to this petition. Therefore, the petition should be dismissed as untimely.[17]

---

[17] In response to the Motion to Dismiss, Petitioner also contends that the Court of Common Pleas of Allegheny County never relinquished jurisdiction because it did not enter a written judgment of sentence. Thus, according to Petitioner, all court action taken since his conviction has been without jurisdiction and his AEDPA one-year statute of limitations period for filing a federal habeas petition has not yet started to run.

### F. Certificate of Appealability

A certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that his habeas petition was untimely filed. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III. **CONCLUSION**

For the foregoing reasons, the motion to dismiss (ECF No. 9) should be granted, the petition for writ of habeas corpus (ECF No. 1) should be dismissed as untimely and a certificate of appealability should be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: October 14, 2014

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

---

The undersigned finds no merit to this argument. The record before the Court reveals written judgment of sentence orders for both of the underlying criminal cases at issue.

cc: Pierre Pinson
 EK2844
 SCI Fayette
 50 Overlook Drive
 LaBelle, PA  15450
 *Via First Class Mail*

 Counsel of Record
 *Via CM/ECF Electronic Mail*